Argued and submitted May 10, 2010, affirmed March 16, 2011

### Brenda L. KUENG,
*Petitioner,*

*v.*

### EMPLOYMENT DEPARTMENT
and West Coast Bank,
*Respondents.*

Employment Appeals Board
09AB0832; A142107

250 P3d 972

Larry L. Linder argued the cause and filed the brief for petitioner. With him on the brief was Law Office of Larry L. Linder, LLC.

Denise G. Fjordbeck, Attorney-in-Charge, Civil/Administrative Appeals, waived appearance for respondent Employment Department.

No appearance for respondent West Coast Bank.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Duncan, Judge.

PER CURIAM

## PER CURIAM

Claimant seeks judicial review of an order of the Employment Appeals Board denying her unemployment benefits, raising two assignments of error that together amount to an assertion that the board erred in deciding that she was discharged for misconduct. First, claimant argues that the board did not render any findings as to her state of mind at the time that she made the decisions that led her to engage in the purported misconduct and, therefore, the board did not properly evaluate whether her conduct was an "isolated instance of poor judgment." We reject that assignment without discussion. Second, claimant argues that the board erred in basing its findings on a letter that was not part of the record. We reject that assignment as well and affirm.

Claimant was discharged from her position as a customer service manager at West Coast Bank (employer) for failing to follow employer's procedures regarding cash drawer key custody, cash handling, and loss reporting. The Employment Department determined that claimant was entitled to unemployment benefits. Employer requested a hearing, arguing that claimant was not entitled to benefits because she was discharged for misconduct. An administrative law judge (ALJ) concluded that claimant was not discharged for misconduct, and employer then appealed to the board. Employer submitted a letter with its application for review to the board, indicating the ways in which it disagreed with the ALJ's findings. Among those disagreements, employer indicated that the ALJ's finding that claimant had not maintained custody of her cash drawer key on one occasion was incorrect because an "internal investigation found * * * that [claimant] *routinely* loses her keys, or leaves them by the currency counter behind the teller line[.]" (Emphasis added.) The board expressly did not consider the evidence included in employer's letter because employer had not certified that it had served the letter on claimant, as required by OAR 471-041-0080(2)(a). After stating that it was relying only on evidence received at the hearing, the board reversed the ALJ's order, concluding that claimant was discharged for misconduct and, therefore, was not entitled to unemployment benefits.

The crux of claimant's argument on appeal is that the board erred because a finding critical to its decision, *viz.*, "[o]n several occasions, claimant left her own cash drawer key on the counter where it was accessible to others[,]" had to have been based on information in employer's letter, which the board had excluded from its consideration. However, the transcript of the hearing reflects testimony from one of employer's human resource managers indicating that, during an investigation regarding a large loss of money under claimant's supervision, claimant told the investigator that "she did leave her key[s] in [the cash] drawer [and] that she *occasionally* left them on the counter next to the currency counter." (Emphasis added.) That testimony, particularly in light of the similarities in word choice between it and the board's finding in its decision, provides support for the board's finding. Accordingly, we conclude that the board did not rely on employer's letter to find that claimant had failed to maintain proper control of the cash drawer keys. We therefore reject claimant's second assignment of error, which was premised on the contention that the board had relied on the letter.

Affirmed.